### CHESEBROUGH v. CONOVER.

(Supreme Court, General Term, First Department. December 16, 1892.)

NEW TRIAL—MISCONDUCT OF COUNSEL—STENOGRAPHER'S NOTES.
     A new trial should not be granted for alleged misconduct of plaintiff's counsel in his opening address where the only proof of what he said is given by the stenographer, who admits that his minutes of counsel's remarks are not full, and that they were not taken down when uttered, but when repeated to the stenographer by the defendant's counsel, without the knowledge of the court or of plaintiff's counsel.

Appeal from special term, New York county.

Action by Julius F. Chesebrough against Daniel D. Conover. From an order denying a motion to set aside a verdict in favor of plaintiff, defendant appeals. Affirmed.

For decision on appeal from judgment and order denying a motion for a new trial, see 21 N. Y. Supp. 566.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

Thomas E. Stewart, (A. G. Fox, of counsel,) for appellant.
Calvin D. Van Name, (L. Sanders, of counsel,) for respondent.

VAN BRUNT, P. J.    This was a motion to set aside the verdict upon the ground of alleged improper conduct upon the part of the counsel for the plaintiff at the opening of the case, it being claimed that he unnecessarily stated the result of a previous trial.    The record upon this appeal presents some rather curious features.    We first have the affidavit of the stenographer who was present at the trial and took the notes therefrom, made on behalf of the moving party, to the effect that, annexed to said affidavit, was a true and correct statement of what transpired upon the trial after the impaneling of the jury, and prior to the taking of the testimony in said action, the statement thereto annexed being a full and accurate transcript of the stenographic minutes of deponent taken by him while reporting said proceedings.    On behalf of the plaintiff, this same intelligent stenographer makes another affidavit,—that he took stenographic notes of the proceedings upon the trial of the above-entitled action; that he thereafter made an affidavit in this action, and attached thereto a statement of what transpired upon said trial after the impaneling of the jury; that such minutes as to plaintiff's counsel's words were not full, because the same was not a motion, but an argument upon a motion made by defendant's counsel; that the words that appear were not taken when spoken by Mr. Sanders, (plaintiff's counsel;) that the words were not taken down until deponent was specially requested to do so by defendant's counsel, and that what appears as having been spoken by Sanders was dictated to deponent by defendant's counsel; and that all that was said by Sanders did not appear upon the minutes.    Here we have the case of a stenographer presiding at a trial of one of our circuits swearing that his minutes are a true and correct statement of what transpired upon the trial, and then subsequently swearing that not only his previous affidavit was false, but that his minutes are entitled to no greater credit than his oath.    It is very evident that this stenographer knew nothing of the business pertaining to his position, as he seems, instead of taking down what transpired at the trial, at the private request of one of the counsel, to have taken down the statement of the counsel of what had transpired, without either the knowledge of the court or of his opponent.    A more flagrant breach of the duty of a stenographer upon a trial has never been called to the court's notice.    Upon such a record it was impossible for the court to take any action.    It was impossible to determine whether the statement was necessarily or unnecessarily made, or whether it was made at all. If the defendant's counsel had desired to have anything upon the minutes which had been omitted therefrom, it was his duty to have called the attention of the court thereto, and the court could have determined what should have been placed upon the minutes.    The counsel was not justified in dictating to the stenographer without the knowledge of the court; and the stenographer seems to have had so little notion of what his duties were that he takes the defendant's counsel's statement of what transpired upon the trial, and reports it as being taken by himself, at the time of the alleged occurrence.

The order should be affirmed, with costs.